(13 P.3d 922)

No. 83,673

STATE OF KANSAS, *Appellee*, v. DAMON DEWAYNE STEEN, *Appellant.*

Opinion filed December 1, 2000.

*Niki Christopher*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., BEIER, J., and C. FRED LORENTZ, District Judge, assigned.

BEIER, J.: Defendant-appellant Damon DeWayne Steen seeks reversal of his conviction for felony possession of marijuana, arguing the trial court erred in refusing to suppress marijuana seized unlawfully and his subsequent statements to police. This case requires us to revisit and further refine the potential components of the "reasonable and articulable suspicion" necessary for law enforcement agents to stop a car. Because we enunciate standards applicable to computer databases employed by law enforcement for the first time, and the evidentiary record is insufficient to determine whether configuration and/or use of the database at issue here met these standards, we reverse Steen's conviction and remand for a further hearing on Steen's motion to suppress and subsequent proceedings as necessary.

The essential facts are these: While on routine patrol, Officer Fred Farris observed a black male driving and a black female riding in a car. The officer ran a check of the car's license plate in a computerized database available for that purpose. The results of the check indicated that a black male by the name of Damon DeWayne Steen was "associated with" the car. The officer also learned that a person by that name had an outstanding arrest warrant.

Farris stopped the car and checked the driver's identification, which confirmed that the driver was indeed Steen. Farris arrested Steen on the outstanding warrant, searched him, and discovered a small quantity of marijuana in his pocket. Farris also searched the car and found "a little bit more" marijuana under the front seat. Steen ultimately was charged with and convicted of felony possession after denial of his motion to suppress the marijuana seized and his subsequent statements to police.

None of the known facts recited above is in dispute. More important, the limits of the officer's, the district court's, and this court's knowledge also are not in dispute.

Neither the record on appeal, the parties' briefs, nor counsels' statements at oral argument supply us with the information nec-

essary to determine how the database is compiled, by whom it is compiled, or any other indicia of its contours or reliability, including its breadth or depth. Efforts to obtain this information from Farris at the district court hearing were largely unsuccessful. And, at oral argument, counsel for the State was unable to reassure us that a person's name cannot end up recorded in the database as "associated with" a given car because of a brief and entirely innocent encounter, including situations in which the person never set foot in the vehicle.

This means, for example, that we do not know whether Steen's name was retrieved from the database because he happened to be a witness from outside the car when it was involved in a collision on some previous occasion or because he had driven it or been a passenger in it on some previous occasion. If Steen became "associated with" the car through the first type of encounter, his name in the database *would not* have been a meaningful predictor of Steen's presence in the car on the day in question. If Steen's "association with" the car arose out of his previous occupancy of the car, his name in the database *would* have been such a predictor.

When the facts material to a motion to suppress evidence are not in dispute, the issue of whether to suppress is one of law subject to unlimited appellate review. *State v. Rexroat*, 266 Kan. 50, 53, 966 P.2d 666 (1998).

A vehicle stop is a seizure within the meaning of the Fourth Amendment, analogous to an investigative detention. *State v. Mitchell*, 265 Kan. 238, 241, 960 P.2d 200 (1998) (citing *United States v. Botero-Ospina*, 71 F.3d 783, 786 [10th Cir. 1995]). It passes muster under the Fourth Amendment when there is an articulable and reasonable suspicion that either the vehicle or an occupant is otherwise subject to seizure for a violation of the law. *Delaware v. Prouse*, 440 U.S. 648, 663, 59 L. Ed. 2d 660, 99 S. Ct. 1391 (1979). The lawfulness of such a stop does not hinge on a reasonable suspicion of current or ongoing criminal activity, but may be based on a reasonable suspicion of past criminal activity. *United States v. Hensley*, 469 U.S. 221, 229, 83 L. Ed. 2d 604, 105 S. Ct. 675 (1985). Furthermore, reasonable suspicion need not be based on a law enforcement officer's own observations or knowl-

edge, but may be based on the collective knowledge of other officers. See 469 U.S. at 232-33.

The reasonable suspicion standard is a less demanding standard than probable cause. *State v. Finley*, 17 Kan. App. 2d 246, 250, 838 P. 2d 904, *rev. denied* 251 Kan. 940 (1992) (quoting *Alabama v. White*, 496 U.S. 325, 330, 110 L. Ed. 2d 301, 110 S. Ct. 2412 [1990]). For reasonable suspicion to stop a car, a police officer must be able "to point to specific articulable facts which reasonably create a suspicion that the occupant of the vehicle . . . committed a crime." 17 Kan. App. 2d at 250. While an inchoate and unparticularized suspicion or hunch is insufficient, the " 'level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence.' " 17 Kan. App. 2d at 250 (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 109 S. Ct. 1581 [1989]). All that is required is " " 'some minimal level of objective justification" for making the stop.' " 17 Kan. App. 2d at 250 (quoting *Sokolow*, 490 U.S. at 7).

The information apparently available to Farris at the time of the stop was (a) a black male with the defendant's name was associated in some unknown manner with the car; (b) a black male with the defendant's name was wanted on a felony arrest warrant; and (c) a black male was driving the car. Without more information about how the black male became "associated with" the car, Farris would have known nothing that would support "a reasonable and articulable suspicion" that the black male he was looking *at* was the same black male the warrant prompted him to look *for*. On the limited evidentiary record before us, "associated with" was not necessarily equal or even equivalent to "formerly inside of" or "likely at some future point to be driving or riding in."

Simply put, if the database, because of its simultaneous breadth and shallowness, could not place Steen in the car at some other time, it could not supply the logical link necessary to protect his Fourth Amendment rights or those of any other black male who may have happened to be driving or riding in the car the day Farris observed it and ran a check on its plates. As Farris confirmed, he would have stopped any black male he saw in the car that day. This admission, without further information about the configuration

and/or use of the technology in which Farris placed his trust, betrays the absence of some minimal level of objective justification for the stop.

We find that, as a matter of law, the State has, as yet, failed to meet its burden to show that the stop and resulting search were constitutional. See K.S.A. 22-3216. Although it appears Farris acted in good faith, we cannot bless this stop and search without further information. Because a database that is constructed to be a tool of law enforcement is not the analytical equivalent of a search warrant signed by a presumably neutral and detached magistrate, good faith alone cannot support admission of the marijuana and statements.

On remand, the State must present evidence that (a) the database includes only those "associated with" cars because they occupied them previously as a driver or a passenger, or (b) while the persons in the database are not limited to those who have driven or been riders in cars, the individual officer who runs a check, including Farris in this case, receives specific information from the database or elsewhere to establish such a link before a stop is made. If the State cannot present such evidence, the fruits of this stop and the following events must be suppressed. Further, the State's lawyers and law enforcement personnel will need to reconfigure the database and/or the retrieval system so that technology serves justice, rather than the reverse.

Reversed and remanded for further proceedings consistent with this opinion.